**BLANK ROME LLP**
John D. Kimball
Thomas H. Belknap
Marc E. Richards
Michael B. Schaedle
Alan M. Root (*pro hac vice* admission pending)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 885-5000
Fax: (212) 885-5001

*Attorneys for the Custodian and Foreign Representative*
*of Daehan Shipbuilding Co., Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------- X | | Chapter 15 |
| In re: | : | |
| | : | Case No. 14-_____ (    ) |
| **DAEHAN SHIPBUILDING CO., LTD.,** | : | |
| | : | |
| Debtor in a Foreign Proceeding | : | |
| ------------------------------------------------------------- X | | |

## VERIFIED PETITION UNDER CHAPTER 15 FOR
## RECOGNITION OF A FOREIGN MAIN PROCEEDING

Byung Mo Lee, the custodian and foreign representative (the "Petitioner") of Daehan

Shipbuilding Co., Ltd. (the "Company" or "Debtor") in the Company's proceeding (case number

2014 HoeHap 100064 Rehabilitation) (the "Korean Bankruptcy Proceeding") under the Republic

of Korea's Debtor Rehabilitation and Bankruptcy Act (as amended, the "DRBA") pending

before the 4th Bankruptcy Division of the Seoul Central District Court (the "Korean Bankruptcy

Court") respectfully files this verified petition pursuant to Chapter 15 of title 11 of the United

States Code (the "Bankruptcy Code"). This verified petition is filed in furtherance of (i) the

Official Form Petition (collectively with this verified petition, the "Petition")[1] filed

---

[1] Attached as an exhibit hereto is the Declaration of Petitioner's Korean counsel (the "Korean Counsel Decl."). All exhibits referred to herein (in English translation) are attached to the Korean Counsel Decl. In addition, all capitalized terms not otherwise defined herein have the meaning ascribed to them in the Korean Counsel Decl.

contemporaneously herewith pursuant to sections 1504 and 1515 of the Bankruptcy Code commencing a case under Chapter 15 ancillary to the Korean Bankruptcy Proceeding; (ii) seeking recognition of the Korean Bankruptcy Proceeding as a "foreign main proceeding;" and (iii) granting certain related injunctive and provisional relief.

The Petitioner has commenced this Chapter 15 case by filing the Petition contemporaneously with, and accompanied by, all certified documents, statements, lists and documents required under Chapter 15 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Petitioner seeks recognition of the Korean Bankruptcy Proceeding pending before the Korean Bankruptcy Court as a "foreign main proceeding" and certain injunctive relief and provisional relief in aid thereof.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code, and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting CJ.), dated July 10, 1984 and Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, Acting CJ).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

142950.00601/40211908v.4

## BACKGROUND[2]

### History of the Company

3.      The Company is organized under the laws of the Republic of Korea, with a registered address at 98, Joseonso-gil, Hwawon-myeon, Haenam-gun, Jeollanam-do, Korea. The Company is engaged in the shipbuilding and repair business.

4.      The Company was established on or about September 30, 1987 as Shinyong Shipbuilding Co. Ltd. Subsequently, Shinyong Shipbuilding Co. Ltd. was acquired by Daehan Cement Co. Ltd. On or about August 23, 2004, the Company was renamed Daehan Shipbuilding Co., Ltd.

5.      The Company is private and unlisted. It currently has outstanding 277,340 shares of stock. Korea Development Bank, Shinhan Bank, and Korea EXIM Bank own 53.19%, 18.28% and 10.32% of the outstanding shares respectively.

6.      Recently, the Company suffered from a serious liquidity crisis due to the economic recession arising from the global financial crisis in 2008. These issues were compounded by the financial difficulties of the Company's parent company, Dae Ju Construction Industry Co., Ltd., during the same timeframe. As a result, the Company's credit rating plummeted. This, in turn, resulted in the cancellation of 22 of the Company's ship building contracts. In addition, the Company suffered major losses due to currency fluctuations following the economic recession. These losses were made worse by the inflation in the personnel expenses and distribution costs for shipbuilding.

---

[2] The complete history and background of the Company is detailed in the "application for commencement of rehabilitation proceedings" ("Application") filed with the Korean Bankruptcy Court. An English translation of the Application is attached as **Exhibit A** to the Korean Counsel Decl. The background contained herein is summary in nature only, parties should refer to the Application for further detail.

7.      As a result of its financial difficulties, in May 2009, the Company filed an application to put it under a debt workout plan.  Notwithstanding this previous Korean bankruptcy proceeding, the Company has continuously recorded business losses and net losses since 2011.

**The Current Korean Bankruptcy Proceeding**

8.      On June 27, 2014, the Company applied for rehabilitation under the DRBA by filing the Application.  Thereafter, the Korean Bankruptcy Court received the Application and, on July 7, 2014, issued a commencement order commencing the rehabilitation proceeding with respect to the Company ("Commencement Order").[3]  In accordance with Articles 74(3), 74(4) and 640 of the DRBA, the Petitioner, as existing chief executive officer of the Company, assumed the role of the custodian and "foreign representative" of the Company in the rehabilitation proceeding, with the power to conduct all of the Company's business, manage all of its property, and carry out relevant activities overseas for domestic bankruptcy procedures under the conditions prescribed by the relevant foreign legislation, subject to the Korean Bankruptcy Court's supervision.

9.      Under the DRBA, and similar to the automatic stay provision under the Bankruptcy Code (Sec 362), creditors of the Company are stayed from: (i) commencing or prosecuting claims that arose prior to the commencement of this rehabilitation proceeding; and (ii) executing on the assets of the Company. DRBA Art. 58.

---

[3] A certified copy of the Commencement Order with English translation is attached as **Exhibit B** to the Korean Counsel Decl.

142950.00601/40211908v.4

**Prior Pending Litigation**

10.    On March 3, 2014, Rimpacific Navigation Inc. ("Rimpacific") and Wonder Enterprises Ltd. ("Wonder") filed a petition for recognition of foreign judgments against the Company in the Supreme Court of the State of New York, County of New York.  (Index No. 650686/2014) (the "NY Action") The petition seeks the entry of an order recognizing and enforcing an English judgment rendered in favor of Rimpacific and Wonder and against the Company, and the entry of a judgment against the Company in the amount of not less than $54,538,682.24.

11.    On April 16, 2014, the Company filed an answer to the Petition and asserted various defenses, including: (i) failure to state a claim; (ii) insufficient service of process; (iii) the foreign judgments do not have res judicata effect; and (iv) the English Court lacked jurisdiction, service of process in that proceeding was invalid, notice was insufficient and the underlying guarantees are invalid and repugnant to public policy.

12.    On July 24, 1014, Rimpacific and Wonder filed a motion for summary judgment in support of their petition for recognition of foreign judgments.

13.    By agreement between Rimpacific, Wonder and the Company, the latter's response to the motion for summary judgment is due on August 20, 2014.

14.    In furtherance of the NY Action, the Company retained Blank Rome in March, 2014.  Blank Rome received a retainer at that time for the defense of the NY Action and currently holds a balance of approximately $27,000.00.  A separate retainer for the within Chapter 15 case will be paid.

15.    Further, the Company is authorized to do business in New York.

142950.00601/40211908v.4

## STATUTORY BASIS FOR RELIEF REQUESTED

16.     Chapter 15 of the Bankruptcy Code was specifically designed to assist foreign representatives such as the Petitioner in the performance of their duties.  One of its express objectives is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. § l501(a)(3).

17.     The Petition satisfies all of the requirements set forth in section 1515 of the Bankruptcy Code.  Moreover, the relief requested is necessary and appropriate under Chapter 15 of the Bankruptcy Code.  Granting recognition to the Korean Bankruptcy Proceeding and the relief requested is consistent with the goals of international cooperation and assistance to foreign courts, embodied in Chapter 15 of the Bankruptcy Code.

18.     The Petitioner submits that the relief sought herein is well within the scope of Chapter 15 and that the criteria for recognition.

## RELIEF REQUESTED

19.     The Petitioner seeks recognition of the Korean Bankruptcy Proceeding as a "foreign main proceeding" and hereby seeks entry of an order of this Court, substantially in the form of the proposed order, attached hereto as Exhibit 1, (the "Proposed Order") granting the following relief in support of the Korean Bankruptcy Proceeding:

      (a)     recognition of the Korean Bankruptcy Proceeding as a "foreign main proceeding" as defined in 11 U.S.C. § 1502(4) pursuant to 11 U.S.C. § 1517;

      (b)     recognition of the Petitioner as the "foreign representative" of the Company within the meaning of 11 U.S.C. § 101(24) and for all purposes

6

under Chapter 15 of the Bankruptcy Court;

(c)    all relief afforded foreign main proceedings automatically upon recognition, including the "automatic stay" under section 362 of the Bankruptcy Code, as of right pursuant to 11 U.S.C. § 1520, or, if not as of right, then as additional relief to the extent authorized by 11 U.S.C. § 1521.

20.    The Petitioner also hereby seeks the following additional relief pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1515, 1517, 1519, 1520 and 1521 and, if and as necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, as set forth in the form of the Proposed Order:

(a)    all of the following relief:

i.    staying the commencement or continuation of any action or proceeding concerning the assets (whether owned, leased, chartered or operated), rights, obligations or liabilities of the Company to the extent not stayed under 11 U.S.C. § 1520(a);

ii.    staying the continued prosecution (including discovery) of any ongoing litigation against the Company and the commencement of any additional actions against the Company (to the extent not already stayed by an order of this Court);

iii.    staying execution against the assets of the Company to the extent not stayed under 11 U.S.C. § 1520(a);

iv.    providing for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information

7

concerning the assets, affairs, rights, obligations or liabilities of the Company, and finding that such information is required in the Korean Bankruptcy Proceeding under the law of the United States;

v.       entrusting the administration or realization of all or part of the assets of the Company within the territorial jurisdiction of the United States to the Petitioner;

vi.      recognizing any further orders of the Korean Bankruptcy Court, including, without limitation, orders relating to the administration of claims and interests in the Company and its assets; and

(b)      such other and further relief as the Petitioner may request from time to time, to the extent authorized by 11 U.S.C. § 1507 and additional assistance as authorized by 11 U.S.C. § 1507, and granting the Petitioner such other and further relief as this Court may deem just and proper.

21.      Granting the above relief and recognizing the Korean Bankruptcy Proceeding will ensure that the Company's affairs are expeditiously resolved, thus such relief is consistent with the goals of Chapter 15.

## **BASIS FOR RECOGINITION AND RELIEF REQUESTED**

22.      Section 1517 of the Bankruptcy Code provides that, after notice and a hearing, an order recognizing a "foreign proceeding" shall be entered if "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representatives applying for recognition are persons or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a).

23.      As a threshold matter, this Court has, in the past, entered many orders recognizing

8

Korean bankruptcy proceedings pursuant to section 1517(a) of the Bankruptcy Code. *See e.g. In re STX Pan Ocean Co. Ltd.,* Chapter 15, Case No. 13-12046 (SCC); *In re Daewoo Logistics Corp.,* Chapter 15, Case No. 09-15558 (BRL); *In re Korea Line Corp.,* Chapter 15, Case No. 11-10789 (REG); *In re Samsun Logix Corp.*, Chapter 15 Case No. 09-11109 (SMB) (Bankr. S.D.N.Y. 2009). For the reasons set forth below, the Court should likewise recognize the Korean Bankruptcy Proceeding as a "foreign main proceeding" pursuant to section 1517(a) of the Bankruptcy Code.

**A.     The Korean Bankruptcy Proceeding is a Foreign Proceeding and the Petitioner is the Company's Foreign Representative**

24.     Section 101 (23) of the Bankruptcy Code provides the definition for a foreign proceeding:

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

25.     As demonstrated by the Petition and the exhibits thereto, the Petitioner assumed the role of the custodian for the Company in accordance with the DRBA. Accordingly, the Korean Bankruptcy Proceeding qualifies as a foreign proceeding.

26.     A foreign proceeding will be recognized as a foreign main proceeding if "it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1). Section 1516 establishes a rebuttable presumption that the debtor's registered office is the debtor's center of main interests ("COMI"). *See* 11 U.S.C. § 1516. Additionally, COMI is analogous to the "United States' concept of 'principal place of business.'" *In re Bear Stearns*

9

*High-Grade Structured Credit Strategies Master Fund, Ltd*, 389 B.R. 325, 336 (S.D.N.Y. 2008). As such, courts will look to factors such as the location of the debtor's headquarters, the location of those who actually manage the debtor, and the location of the debtor's primary assets, among other things, to determine the foreign debtor's COMI. *Id.*

27.     The above factors conclusively favor a finding that the Company's COMI is Korea. The majority of the Company's operations are centered in Korea, its head office is located in Korea, its directors are located in Korea, it is incorporated under the laws of Korea, and its employees work in Korea. As such, the Korean Bankruptcy Proceeding constitutes a foreign main proceeding.

**B.      The Korean Bankruptcy Proceeding Meets the Remaining Requirements for Recognition**

28.     The Petition and the supporting documentation satisfy all the remaining requirements for recognition. First, the Petitioner is an individual and, thus, a "person" within the meaning of section 101(41) of the Bankruptcy Code.

29.     In addition, the Petitioner has satisfied all of the procedural requirements set forth in section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4):

> (a)     First, the Petition is accompanied by a certified copy of the Commencement Order, which provides conclusive evidence of the existence of a foreign proceeding in Korea and that the Petitioner, in accordance with the DRBA, has assumed the role of custodian and "foreign representative" of the Company. (*See* Ex. B to the Korean Counsel Decl.)  As a result, the Petitioner has satisfied the requirements of section 1515(b) of the Bankruptcy Code. *See* 11 U.S.C. § 1515(b)(1).

(b)    Second, the Petitioner has provided a statement confirming that there are no other foreign proceedings other than the Korean Bankruptcy Proceeding, thereby satisfying section 1515(c) of the Bankruptcy Code.

(c)    Third, all the documents supporting the Petition have been translated into in English, thereby satisfying section 1515(d) of the Bankruptcy Code.

(d)    Finally, the lists and statements required under Bankruptcy Rule 1007(a)(4) have been included with the Petition.

30.    Accordingly, the Petitioner and the Petition satisfy all of the requirements for recognition of the Korean Bankruptcy Proceeding as a foreign main proceeding.

## RESERVATION OF RIGHTS

31.    Pursuant to sections 1519(a) and 1521(a) of the Bankruptcy Code, the Petitioner hereby reserves all rights to seek, at any point (either before or after a change in circumstances under section 1518 of the Bankruptcy Code), further and other relief from this Court that may be necessary to implement the Korean Bankruptcy Proceeding and to effectuate the purposes of Chapter 15.

## REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(B)

32.    It is respectfully requested that this Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall be accompanied by a memorandum of law on the grounds that the relevant authorities and legal authorities in support of the Verified Petition are contained herein.    Notwithstanding the foregoing request, the Petitioner reserves the right to file an appropriate memorandum of law should it become necessary under the circumstances.

142950.00601/40211908v.4

## HEARING DATE AND NOTICE

33.    Petitioner requests that the Court set a date for a hearing (the "Hearing Date") pursuant to section 1517(c) of the Bankruptcy Code and Local Bankruptcy Rule 2002-2 to approve the Petition and recognize the Korean Bankruptcy Proceeding as a foreign main proceeding. If no objections to this Petition are filed by the date ordered for such objections, Petitioner requests that the Court enter the Proposed Order recognizing the Korean Bankruptcy Proceeding as a foreign main proceeding without a hearing pursuant to Local Rule 2002-1. Petitioner submits that when the Hearing Date has been set by the Court, notice will be given as reasonable and appropriate and consistent with Bankruptcy Rule 2002(q).

34.    In furtherance of this request, contemporaneously herewith, the Petitioner has filed the *Application for Order Scheduling Hearing on Chapter 15 Petition and Specifying Form and Manner of Service of Notice of Hearing*.

[*Remainder of Page Intentionally Left Blank*]

12

## CONCLUSION

WHEREFORE, the Petitioner respectfully requests that this Court grant the relief requested and such other and further relief as may be just and proper.

Dated: August 18, 2014

By: _Byung Mo Lee_ _____
    Byung Mo Lee, custodian and foreign
    representative of
    *Daehan Shipbuilding Co., Ltd.*

Dated: New York, New York
    August 18, 2014

BLANK ROME LLP

By: _____
    John D. Kimball
    Thomas H. Belknap
    Marc E. Richards
    Michael B. Schaedle
    Alan M. Root (*pro hac vice* admission
    pending)
    The Chrysler Building
    405 Lexington Avenue
    New York, New York 10174
    (212) 885-5000

*Attorneys for the Custodian and Foreign Representative of Daehan Shipbuilding Co., Ltd.*

13