**BLANK ROME LLP**
John D. Kimball
Thomas H. Belknap
Marc E. Richards
Michael B. Schaedle
Alan M. Root (*pro hac vice* admission pending)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 885-5000
Fax: (212) 885-5001

*Attorneys for the Custodian and Foreign Representative
of Daehan Shipbuilding Co., Ltd..*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ------------------------------------------------------------ X | Chapter 15 |
| In re:                                                        : |  |
|                                                               : | Case No. 14-12391(   ) |
| **DAEHAN SHIPBUIDING CO., LTD.**,                             : |  |
|                                                               : |  |
|           Debtor in a Foreign Proceeding                      : |  |
| ------------------------------------------------------------ X |  |

### DECLARATION OF THOMAS H. BELKNAP IN SUPPORT OF
### APPLICATION FOR PROVISIONAL RELIEF

THOMAS H. BELKNAP declares under penalty of perjury:

1.    I am a member of the law firm of Blank Rome LLP, United States counsel for Byung Mo Lee, the custodian and foreign representative (the "Petitioner") of Daehan Shipbuilding Co., Ltd. (the "Company") in the Company's proceeding under the Republic of Korea's Debtor Rehabilitation and Bankruptcy Act (the "Korean Bankruptcy Proceeding"), and as such, I am fully familiar with the facts and circumstances set forth herein.

2.      I respectfully submit this affidavit in support of the Petitioner's application (the "Application")[1] pursuant to sections 105(a), 362(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 65 of the Federal Rules of Civil Procedure, Rule 7065 of the Federal Rules of Bankruptcy Procedure and Rule 9077-1 of the Local Bankruptcy Rules, for the entry of an order to show cause with temporary restraining order (the "TRO"), and, after notice and a hearing, a preliminary injunction (the "Preliminary Injunction").

3.      I respectfully submit that it is appropriate for the Petitioner to proceed by an order to show cause with a TRO rather than by notice of motion, for the following reasons:

(a)     As discussed in the Application, immediate injunctive relief is appropriate and supported by the filed papers.

(b)     The practice in this District for seeking provisional injunctive relief in ancillary cases under Chapter 15 of the Bankruptcy Code is to proceed by an order to show cause rather than by motion. *See, e.g., In re STX Pan Ocean Co. Ltd.,* Chapter 15, Case No. 13-12046 (SCC); *In re Armada (Singapore) PTE. LTD.*, Chapter 15, Case No. 09-10105 (JMP); *Daewoo Logistics Corp.*, Chapter 15, Case no. 09-15558 (BRL); *Korea Line Corp.*, Chapter 15, Case No. 11-10789 (REG). Such relief is especially appropriate here where the Company is subject to a state court proceeding in New York that will require action on behalf of the Company in advance of the recognition hearing in front of this Court (as further described below, the "NY Action"). Absent the TRO and Preliminary Injunction, the Company and Petitioner will be distracted from the Korean Bankruptcy Proceeding by the NY Action and will have to spend money to unnecessarily respond to a summary judgment motion, all to the detriment of the Company's creditor body.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

142950.00601/40211935v.3

**BACKGROUND**

4.  The Court is respectfully referred to the Voluntary Petition and Verified Petition and the declarations and exhibits attached thereto, all filed on the date hereof, which outline the relevant facts regarding the Company and the Korean Bankruptcy Proceeding, all of which are incorporated herein by reference.

**The Korean Bankruptcy Proceeding and this Chapter 15 Proceeding**

5.  On June 27, 2014, the Company applied for rehabilitation under the DRBA (the "Application").[2] Thereafter, the Korean Bankruptcy Court received the Application and, on July 7, 2014, issued a commencement order commencing the rehabilitation proceeding with respect to the Company ("Commencement Order").[3] In accordance with Articles 74(3), 74(4) and 640 of the DRBA, the Petitioner, as existing chief executive officer of the Company, assumed the role of the custodian and "foreign representative" of the Company in the rehabilitation proceeding, with the power to conduct all of the Company's business, manage all of its property, and carry out relevant activities overseas for domestic bankruptcy procedures under the conditions prescribed by the relevant foreign legislation, subject to the Korean Bankruptcy Court's supervision.

6.  Upon information and belief, and as set forth more fully in the Declaration of Wan Shik Lee of Lee & Ko, a copy of which is attached to the Voluntary Petition, the Company is prohibited by the DRBA from paying any debts incurred prior to the commencement of the Korean Bankruptcy Proceeding. In addition, upon commencement of the Korean Bankruptcy Proceeding, creditors are stayed from: (i) commencing or prosecuting claims that arose prior to the commencement of the rehabilitation proceedings; (ii) executing attachments by creditors over the

---

[2] An English translation copy of the Application is attached s as an Exhibit to Petitioner's voluntary petition for Chapter 15 [Dkt. No. 1].

[3] A certified copy of the Commencement Order with English translation is attached s as an Exhibit to Petitioner's voluntary petition for Chapter 15 [Dkt. No. 1].

3

142950.00601/40211935v.3

properties of the Company are prohibited; and (iii) all current attachments by creditors on the properties of the Company are suspended.

7. On the date hereof, the Petitioner filed a Chapter 15 petition for the Company pursuant to sections 1504 and 1515 of the Bankruptcy Code, commencing the Chapter 15 case ancillary to the Korean Bankruptcy Proceeding and seeking recognition of such foreign proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and relief in aid of the Korean Bankruptcy Proceeding.

**Prior Pending Litigation**

8. On March 3, 2014, Rimpacific Navigation Inc. ("Rimpacific") and Wonder Enterprises Ltd. ("Wonder" and with Rimpacific, the "Plaintiffs") filed a petition for recognition of foreign judgments against the Company in the Supreme Court of the State of New York, County of New York.  (Index No. 650686/2014) (the "NY Action"). The petition filed in the NY Action seeks the entry of an order recognizing and enforcing an English judgment rendered in favor of Rimpacific and Wonder and against the Company, and the entry of a judgment against the Company in the amount of not less than $54,538,682.24.

9. On April 16, 2014, the Company filed an answer to the Petition and asserted various defenses, including: (i) failure to state a claim; (ii) insufficient service of process; (iii) the foreign judgments do not have res judicata effect; and (iv) the English Court lacked jurisdiction, service of process in that proceeding was invalid, notice was insufficient and the underlying guarantees are invalid and repugnant to public policy.

10. On July 24, 1014, Rimpacific and Wonder filed a motion for summary judgment in support of their petition for recognition of foreign judgments.

11. By agreement between Rimpacific, Wonder and the Company, the latter's response

4

to the motion for summary judgment is due on August 20, 2014.

12.    Given the limited Assets the Company has in the United States, it is unclear why Rimpacific and Wonder would continue to prosecute the NY Action, other than in an attempt to seek circumvent the limitations set forth in the DRBA and the Company's Korean Bankruptcy Proceeding.

### NEED FOR INJUNCTIVE RELIEF

13.    I am informed that recognition of the Korean Bankruptcy Proceeding under Chapter 15 of the Bankruptcy Code, and immediate relief in the form of a temporary restraining order and preliminary injunction will best assure an economical and equitable administration of the Company's foreign estate. Immediate injunctive relief is sought in order to preserve and protect the Company's assets and prevent harm to the Company's creditors while preventing the Company or the Petitioner from running afoul of any United States Courts. Moreover, rather than exposing the Company to litigation that could lead to piecemeal distribution of its Assets, as well as additional costs and distraction from the administration of the estate, the Petitioner will be afforded the "breathing room" to conduct an orderly review of the Company's affairs so that all of its creditors receive equitable treatment in the Korean Bankruptcy Proceeding.

14.    Unless this Court enjoins creditors from seizing the Assets of the Company and initiating or continuing any actions against the Company or its Assets, the Company will be immediately and irreparably harmed. At present, as detailed above, the Company is a defendant in the NY Action. If continued prosecution of the NY Action is not stayed, the Company will be forced to unnecessarily spend substantial sums of money responding to the Plaintiffs' summary judgment motion. Moreover, continued prosecution of the NY Action will cause the Petitioner to be distracted from efforts to manage the Company's financial affairs. In addition, if the NY Action is allowed to go forward, the Plaintiffs may: (i) be able to improperly skirt the requirements and

5

limitations of the DRBA as they relate to administration of the Assets of, and claims against, the Company; (ii) may gain an advantage over other creditors. Finally, if the NY Action proceeds, other creditors may well attempt to follow Plaintiffs' lead and file actions against the Company in the United States or other foreign jurisdictions in an effort to circumvent the Korean Bankruptcy Proceeding.

15. As set forth in the Application, the Company is the subject of a "foreign proceeding" within the meaning of section 101 (23) which is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code. Further, the Petitioner is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code.

16. The Petitioner is entitled to obtain the provisional relief requested pursuant to sections 105(a), 362 and 1519 of the Bankruptcy Code. Pursuant to sections 105(a) and 1519, injunctive relief in the form requested is in the best interest of the Company and its creditors and may be issued on a temporary basis without notice.

17. Injunctive relief requires a showing of irreparable harm and either (i) probability of success on the merits, or (ii) the presence of sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in favor of the party requesting the injunctive relief. Here, the requirements are satisfied.

18. Unless the TRO is granted, the Petitioner will be forced, at substantial cost, to litigate the NY Action which, in a short period of time, will be stayed when the Korean Bankruptcy Proceeding is granted recognition as a foreign main proceeding. Given the upcoming deadline to respond to the pending summary judgment motion, absent the TRO, the Petitioner and the Company will be unnecessarily distracted by the State Court Action at a crucial point in the Korean Bankruptcy Proceeding. Moreover, as discussed above, a TRO will prevent the Plaintiffs'

continued circumvention of the DRBA and will discourage other creditors from following the Plaintiffs' lead in attempting to gain an advantage over other creditors subject to the level playing field of the Korean Bankruptcy Proceeding.

19. In contrast to the potential harm described above, granting the relief requested will not prejudice any persons subject to the TRO or the Preliminary Injunction. It is important to note that the Petitioner is only seeking to ensure that parties are enjoined from circumventing the Korean Bankruptcy Proceeding and from taking actions in the United States that could prove wasteful of the time and effort of United States courts as well as all interested parties.

20. Moreover, any person interacting with the Company could reasonably expect to have to comply with Korean insolvency law when engaging in business activities with the Company, regardless of whether or not that person is located in Korea and is aware of the Korean Bankruptcy Proceeding. Therefore, it would be inherently fair and expected to require all parties to conform to and submit their claims in the Korean Bankruptcy Proceeding, as would be the case for creditors of a U.S. Chapter 11 debtor.

21. Persons or entities subject to the TRO would not suffer hardship if the TRO is granted without notice and an opportunity to be heard because the proposed Order to Show Cause provides, on two business days prior notice, that parties have a right to request relief from the TRO prior to the date scheduled for the hearing on the proposed Preliminary Injunction Order. Thus, the balance of hardships tips decidedly in favor of the Petitioner.

22. The Petitioner has no adequate remedy at law.

23. No prior application for this or similar relief has been made.

24. Such relief is appropriate in this case to protect the Company's Assets which are involved in the Korean Bankruptcy Proceeding for the benefit of all of the Company's creditors and to preserve the Company's ability successfully reorganize itself.

25. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at New York, New York on August 18, 2014.

_____
Thomas H. Belknap

142950.00601/40211935v.3